UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Harold Williams, #208954, | ) | C/A No. 4:10-2355-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Jon Ozmint; Annie Mae Sellers; | ) | |
| Cecilia R. Reynolds; Pamela Phelps; | ) | |
| A. Hardin, SCDC Inmate Grievance Administration; | ) | |
| Dennis Patterson, SCDC Operations Coordinator; | ) | |
| Beverly Baker, SCDC Office of General Counsel, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### I. PROCEDURAL BACKGROUND

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983[1] on September 10, 2010. On April 5, 2011, Plaintiff filed an amended complaint. Defendants filed their answer to the amended complaint on May 9, 2011. Plaintiff alleges that his constitutional rights were violated by Defendants. On August 19, 2011, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because Plaintiff is proceeding pro se, he was advised on or about August 22, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. On September 29, 2011, Plaintiff filed a motion for summary judgment. (Doc. #79).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

1

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendants violated his constitutional rights in relation to his disciplinary hearing for exhibitionism and public masturbation. Plaintiff raises claims of retaliation, violation of his due process rights, and intentional infliction of emotional distress related to his August 21, 2009, disciplinary charge and subsequent hearings. Specifically, Plaintiff alleges that the original charges were brought against him by Defendant Phelps in retaliation for an argument they had earlier in the day, that he was denied due process at both hearings, that the second hearing was not held within the time period set forth in the Order of Remand by the Administrative Law Court, and that he is entitled to "injunctive relief." Plaintiff and Defendants have filed motions for summary judgment.

In their memorandum in support of the motion for summary judgment, Defendants assert Plaintiff was serving a twenty-three (23) year sentence for voluntary manslaughter and was housed at Kershaw Correctional Institution (KCI) within the South Carolina Department of Corrections. Defendants submitted a copy of the incident report dated August 21, 2009, at 7:05 a.m., stating that Sergeant Phelps entered the Oak-A wing at KCI to review Officer Tyson's log book and to observe the wing. (Incident report, Doc. # 66-2, p. 5). While doing so, Sergeant Phelps observed an inmate in the door of cell 55 with his pick jumpsuit below his knees, masturbating and looking directly at her. Id. The inmate turned off the light in his cell and closed the door when Phelps approached. Phelps gave a directive for all other inmates gathered around the cell to move. Id. Phelps opened the cell door and did not see the inmate at first but then found him hiding under his bottom bunk. Id.

Phelps ordered the inmate to come out and show her his identification. Id. Upon complying with the directive, to show his identification, she learned it was inmate James Williams. Id. Phelps informed Williams that he would be charged with Exhibitionism and Public Masturbation. Id. After exiting the cell but before she reached the bottom step to leave the cell block, Williams was masturbating again. Id. Phelps returned to the cell with her hand on her gas canister and gave Williams a directive to stop and get dressed. Id. Plaintiff complied with the directive and was escorted to the holding cell and charged with Exhibitionism and Public Masturbation. Id. A hearing was conducted on September 29, 2009, based upon this charge. (Affidavit of Annie Sellers, September 29, 2009, Disciplinary Report and Hearing Record.). Plaintiff was found guilty of the charge and sanctioned to a loss of 540 days of canteen privileges, 540 days of telephone privileges, 90 days of good time credit, 360 days of disciplinary detention, one year and 360 days' suspension of visitation, and required to wear a pink jumpsuit for a year. (September 29, 2009, Hearing Report and Hearing Record). Defendants assert Plaintiff exhausted the SCDC's grievance process. The Administrative Law Court reversed the SCDC's decision and remanded the case for a rehearing within sixty (60) days of the date of the order. Defendants assert the SCDC did not receive the Order until October 7, 2010, and a rehearing was held on October 19, 2010. (Grievance, Step 2, October 19, 2010, Disciplinary Report and Hearing Record, and Affidavit of Annie Sellers). During the second hearing on October 19, 2010, Plaintiff left the hearing while it was in process stating it was too late for the hearing to be held because it was not held within 60 days of the date of the Administrative Law Court's Order of Remand. Id. Plaintiff was found guilty of the charge, received the same sanctions, but was given credit for the sanctions back to the date of the first disciplinary hearing. Id.

In his amended complaint, Plaintiff seeks the following relief:

3

> Plaintiff seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

(Amended complaint, doc. # 36, p. 9).

## B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-

moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

**Due Process claims with regard to grievance procedure:**

Plaintiff asserts that Warden Reynolds and Jon Ozmint, former Director of the SCDC, violated his due process rights when they made changes to the inmate disciplinary system policy

5

22.14 without notifying the inmate population. Defendants argue that it is unclear what policy change Plaintiff is referring or how any change affected his disciplinary hearing.

In the amended complaint, Plaintiff asserts as follows with regard to this issue, quoted verbatim:

> . . . Defendant Cecilia R. Reynolds wasn't in compliance with regulation when considering plaintiff grievance. See O.P. 22.14 sec. 7.4 (the extension must be approved by the Warden prior to the expiration of the initial 21 days period). Her decision were bias in handling grievance appeal for case. For Warden Reynold was the prison official that sign of an extension memorandum known that she wasn't suppose too. Known w[e]ll before hand that regulation has change and refuse to overturn grievance procedural errors and technicalities. . .
>
> Prison official and Warden Cecilia R. Reynold violated plaintiff due process rights when they didn't notify the prison population of the changes in Inmate Disciplinary System 22.14. It's clear that there were no circulated of new policy or memorandum to make prisoners population aware. Any change of procedure of not anouce or memorandum posted for everyone. . . .
>
> Defendant Jon Ozmint is the director over all S.C. Dep't of Correction. Prison officials violated plaintiff due process rights when they didn't notify prison population of the changes in (IDS) 22.14 It's clear that there were no circulated of new policy or memorandum to make prisoner's population aware. Any change of procedure may constitut as denile of due process, if not anouce or memorandum posted far everyone.

(Amended complaint, p. 4-5).

Based on Plaintiff's allegations, it appears he is arguing that he was denied due process because regulations were changed without informing the prison population. However, Plaintiff does not assert exactly what change and/or how the change prejudiced him. If Plaintiff is complaining about the grievance process, the claim fails. It is recommended that these allegations be dismissed

as there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).[2]

**Timely hearing not held after rehearing was approved:**

Next, Plaintiff argues that the ALJ gave the SCDC sixty (60) days to comply with the Order of Remand, and they failed to hold a timely disciplinary re-hearing. Plaintiff asserts that Dennis Patterson was informed by the Office of General Counsel that they received the Order of Remand on May 25, 2010, but did not approve a hearing until after the time period had expired which caused him emotional distress. (Amended complaint, p. 6). Plaintiff alleges that Beverly Baker and Dennis Patterson "conduct a meet to approve a rehearing 86 days after the expiration of the 60 days statutory period. The Supreme Court held that the failure to comply with the 60 days requirement deprived the ALJ and plaintiff of jurisdiction." (Amended complaint, p. 7). Plaintiff asserts that "S.C.D.C. employee Beverly Baker acted with grossly negligent in managing the people she supervise. . . ." (Amended complaint, p. 8). Therefore, it appears Plaintiff is asserting that his due process rights were violated because the remand hearing was not held within sixty (60) days.

The Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the accumulation of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Therefore, in prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process

---

[2] It is further recommended that this issue be dismissed as moot because Plaintiff appealed the decision he references, it was overturned and remanded, and he received a second hearing.

protections. Id. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

In this case, Plaintiff appealed the initial decision of the disciplinary hearing officer to the Administrative Law Court. The Administrative Law Court reviewed the case for due process violations under the requirements of Wolff. The Administrative Law Judge found Plaintiff had not been afforded the minimal process due in prison disciplinary hearings as required by Wolff because "his request for a witness was not honored." The order filed May 25, 2010, stated that the case was "Reversed and Remanded for Rehearing within 60 days of the date hereof with the requested witness attending." (Doc. #66-3). At the rehearing, Plaintiff was present but left the hearing stating it was too late. Defendants submitted a copy of the Step 2, Inmate Grievance Form, revealing in the response to the grievance that the decision of the Administrative Law Court and the Remand Order were received by the SCDC on October 7, 2010. (Doc. #66-2). Defendants submitted the affidavit of Annie Sellers, Disciplinary Hearing Officer, who attests a new hearing was held on October 19, 2010, concerning the same offense after the Administrative Law Court ordered the September 29, 2009, conviction overturned. (Doc. #66-2). Sellers attached a copy of the Disciplinary Report and Hearing Record from both hearings. From the hearing on October 19, 2010, the record reveals that Plaintiff "exited the hearing while in process due to him stating it was too late to hear this case per ALJ. Per Dennis Patterson the rehearing was to take place prior to 12-6-10 due to the SCDC not

receiving the order until 10-7-10. Co Tyson was not contacted due to I/M leaving the hearing and not leaving any questions to be asked." (Doc. #66-2). Plaintiff was found guilty on the charge and the same sanctions from the August 21, 2009, hearing were imposed. (Id.). However, Plaintiff was given credit for the sanctions back to the date of the initial disciplinary hearing. (Id.). As a rehearing was held and Plaintiff left the hearing during the process, Plaintiff has not shown that his due process rights were violated with regard to the second hearing. With regard to the first hearing, the matter was overturned and remanded by the Administrative Law Court. Thus, any issues with regard to due process rights in reference to the first hearing are moot. Therefore, it is recommended that defendants' motion for summary judgment be granted.

Furthermore, it is recommended that any due process claim regarding Plaintiff's second disciplinary hearing where he lost good-time credits be dismissed *sua sponte* as barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1994). The plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. Heck, supra. In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits. In this case, Plaintiff was sanctioned with the loss of good time credit among other privileges, and Plaintiff has not shown he successfully attacked these disciplinary hearing convictions. Thus, Plaintiff cannot maintain a § 1983 action, whether for

restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under Heck and Edwards.

**Retaliation Claims**

Plaintiff has alleged a claim of retaliation against Defendant Phelps asserting that she charged him with a disciplinary offense as retaliation for an argument Plaintiff had with Phelps in the cafeteria on August 21, 2009. Defendants assert any retaliation claims should be dismissed. Defendants argue that Phelps filed an incident report detailing what occurred during the incident on August 21, 2009, and Plaintiff was found guilty of the charge at two disciplinary hearings.

In regards to Plaintiff's claim of harassment/retaliation, the law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir.1993). However, the Fourth Circuit Court of Appeals has also mandated that claims of retaliation should be regarded with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996); Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). The Fourth Circuit further states:

> [W]e believe that in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

Adams, 40 F.3d at 74.

Thus, to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d 72 at 75. An inmate must also present more than conclusory accusations of retaliation, Id. at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. See, e.g., Cochran 73 F.3d at 1318; Hughes v. Bledsoe, 48 F.3d 1376, 1387 n. 11 (4th Cir.1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. American Civil Liberties Union, 999 F.2d at 785.

In the instant action, Plaintiff attempts to allege a claim for retaliation but has failed to allege that the Defendants retaliatory acts were taken in response to the exercise of a constitutionally protected right. Hence, Plaintiff's retaliation claim against the Defendants is not cognizable under 42 U.S.C. § 1983, and is subject to summary dismissal.

**Injunctive Relief**

Plaintiff requests "injunctive relief" in his amended complaint. However, Plaintiff was not specific in what injunctive relief he was seeking. Defendants argue Plaintiff is not entitled to injunctive relief in that he has offered "no evidence of what he wishes Defendants to be enjoined from doing or that he is under imminent threat of suffering further harm if he is not granted injunctive relief . . . he has not shown any actual injury so as to state an actionable claim . . . has made no showing of likelihood of success on the merits." (Doc. #66-1, p. 10-11).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc. ,--- U.S. ---, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to specify the injunctive relief he seeks, fails to show the likelihood of success on the merits, or that an injunction is in the public interest.[3]

Further, and similarly, Plaintiff fails to create an issue of fact as to any claim of constitutional violation by the Defendants. Thus, to the extent he seeks injunctive relief relating to his claim of violation of due process, Defendants' motion for summary judgment should be granted.

## QUALIFIED IMMUNITY

Defendants argue they are entitled to qualified immunity. Although the burden of showing immunity remains on the Defendant, an early determination is desirable, since immunity provides complete protection from a lawsuit, including from extensive discovery or other preparation. When a Defendant asserts that he or she is completely immune from suit, the court must consider whether the defense meets the standard set forth by various courts which have considered the issue.

---

[3] Additionally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983).

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the Defendant and the burden of proving entitlement to immunity rests with the Defendant asserting it. Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the Defendant is entitled to dismissal or summary judgment. For that reason, the issue of immunity should be addressed before discovery is allowed.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged."

13

> Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Thus, the undersigned recommends that summary judgment be granted as to these Defendants.

## **ELEVENTH AMENDMENT IMMUNITY**

The Defendants contend that the Plaintiff's §1983 claims them for money damages in their official capacity are barred pursuant to Eleventh Amendment Immunity. Defendants also argue that the action against them should be dismissed as a matter of law to the extent that they are sued in their official capacity because while acting in their official capacity as an employee of the SCDC they are not a "person" under 42 U.S.C. §1983 and, therefore, not subject to suit.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

14

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that Defendants were/are employees of the SCDC at the time of the allegations in the complaint. Thus, they are entitled to Eleventh Amendment immunity from monetary damages in their official capacity.

**PENDENT JURISDICTION**

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## CONCLUSION

The Plaintiff has failed to show that Defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that Plaintiff's motion for summary judgment (document # 79) be DENIED and the motion filed by Defendants (document #66) for summary judgment be GRANTED IN ITS ENTIRETY and the case dismissed.

IT IS FURTHER RECOMMENDED that all outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 24, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**