IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Harold Williams, #208954, | ) | C.A. No. 4:10-2355-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Jon Ozmint; Annie Mae Sellers; Cecilia R. | ) | |
| Reynolds; Pamela Phelps; A. Hardin, | ) | |
| SCDC Inmate Grievance Administration; | ) | |
| Dennis Patterso, SCDC Operations | ) | |
| Coordinator; Beverly Baker, SCDC | ) | |
| Office of General Counsel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James Harold Williams ("Plaintiff") is a prisoner in custody of the South Carolina Department of Corrections ("SCDC"). On September 10, 2010, Plaintiff filed a pro se action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III for review.

## Background

Plaintiff alleges that in the early morning of August 21, 2009, he had an argument with Defendant Phelps. Later that day, according to Defendants' incident report, Defendant Phelps entered Oak-A wing at approximately 7:05 a.m. to review Officer Tyson's log book and observe the wing. While doing so, Defendant Phelps observed Plaintiff in the door of cell 55 with his pink jumpsuit below his knees, masturbating and looking directly at her. When Defendant Phelps approached the cell, Plaintiff turned off the light in his cell and closed the door. Defendant Phelps opened the cell door and found Plaintiff hiding under the bottom bunk.

Defendant Phelps informed Plaintiff that he would be charged with Exhibitionism and Public Masturbation. Defendant Phelps exited the cell, but before she reached the bottom step of the cell block, she saw Plaintiff masturbating again. She returned to Plaintiff's cell and ordered him to get dressed. She then escorted him to a holding cell and charged him with Exhibitionism and Public Masturbation.

On September 29, 2009, a hearing was conducted based upon the charge against Plaintiff. Plaintiff was found guilty of the charge and sanctioned to: a loss of 540 days of canteen privileges, 540 days of telephone privileges, 90 days of good time credit, 360 days of disciplinary detention, one year and 360 days suspension of visitation, and was required to wear a pink jumpsuit for one year. In the instant action, Plaintiff alleges that his first disciplinary violation hearing was supposed to take place within 21 days of the August 21, 2009 incident, but that Defendant Reynolds approved an unauthorized extension of the deadline. Further, Plaintiff alleges that Defendants Reynolds and Ozmint made changes to the Inmate Disciplinary Policy, specifically the regulations with regard to the timing of disciplinary hearings, without informing the inmate population. Plaintiff contends that he only discovered this information after the date of his first hearing.

Plaintiff appealed the decision of his first disciplinary violations hearing to an Administrative Law Judge ("ALJ"), arguing that the first hearing violated his due process rights because he was not permitted to call Officer Tyson as a witness. In an order dated May 25, 2010, the ALJ reversed SCDC's decision on the ground that the hearing violated Plaintiff's due process rights under the Constitution. The ALJ remanded the case for a rehearing within 60 days where Plaintiff would be permitted to call witnesses. Defendants assert that they did not receive the ALJ's order until October 7, 2010. Defendants held a rehearing on October 19, 2010.

Plaintiff left the hearing while it was in progress, stating that it was too late for the hearing to be held, because more than 60 days had lapsed since the date of the ALJ's order of remand. The hearing took place regardless and Plaintiff was found guilty of the charge, received the same sanctions, but was given credit for the sanctions back to the date of the first disciplinary hearing.

On September 10, 2010, Plaintiff filed a pro se action under 42 U.S.C. § 1983. On April 5, 2011, Plaintiff filed an amended complaint, asserting claims for retaliation, bias, violation of his due process rights, and intentional infliction of emotional distress. Plaintiff's retaliation claims include the allegations that 1) Defendant Phelps' act of charging Plaintiff with exhibitionism and public masturbation was retaliation for the argument the two of them had earlier that morning on the day of the incident, and 2) Defendants retaliated against Plaintiff for appealing the first hearing decision to an ALJ. In addition, Plaintiff alleged that his due process rights were violated because Defendants changed the Inmate Disciplinary System Policy with regard to the timing of disciplinary hearings without notifying the inmate population. Plaintiff also alleged that Defendant Reynolds was a biased decision maker because she was the same individual who, allegedly without authorization, approved the request for an extension of time to hold the first hearing. Plaintiff also alleges that his due process rights were violated because the first and second hearings were untimely held, and that in particular, Defendants violated the ALJ's directive to hold a rehearing within sixty days of the ALJ's order.

On August 19, 2011, Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. On August 22, 2011, the Magistrate Judge issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendants' motion for summary judgment and the possible consequences of failing to respond adequately. On September 28, 2011, Plaintiff filed a motion for summary judgment. On October 24, 2011, the Magistrate

Judge issued a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. On November 14, 2011, Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections").

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## Discussion

*Standard of Review*

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is genuine if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must set forth specific facts demonstrating a genuine issue for trial. Anderson, 477 U.S. at 252. However, there must be sufficient evidence supporting the claimed factual dispute so as to require a jury or judge to resolve the parties' differing version of the truth at trial. Id. at 249. A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. Latif v. Cmty. College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has held that where state law provides prisoners with good time credits, the prisoner has a liberty interest in his good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Accordingly, prison officials must accord an inmate with minimal due process rights in any disciplinary hearing that could result in deprivation of good time credits. Id. The Supreme Court set forth a number of specific due process protections that inmates are entitled to with regard to such disciplinary hearings: 1) advance written notice of the charge at least 24 hours prior to the hearing; 2) a written statement prepared by the fact-finder outlining the evidence relied upon and the reasons for the disciplinary action; 3) the opportunity to call witnesses and present documentary evidence so long as it does not interfere with the institutional safety or correctional goals of the prison; 4) a counsel substitute to assist illiterate inmates or inmates with complex cases; and 5) an impartial person, who may be a prison official or

employee, to hear the matter. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon some evidence. <u>Superintendent, Mass. Correctional Institute v. Hill</u>, 472 U.S. 445, 455 (1985).

*Changes to the Inmate Disciplinary System Policy*

The Magistrate Judge noted that it is unclear what particular regulations Plaintiff is alleging were changed without informing the prison population and how the changes prejudiced him. In his Objections, Plaintiff attempts to clarify his allegation and states that Defendants Reynold and Ozmint violated his right to due process when they made changes to Inmate Disciplinary Policy 22.14 subsections 7.2, 7.4 and 7.7 without informing the inmate population. Plaintiff does not state what those subsections previously provided, but recites what appears to be the revised version of the text in his objections. Plaintiff states that subsection 7.2 requires a violation hearing be held within 21 calendar days of the underlying incident constituting the violation. In relevant part, subsection 7.4 states that one extension of the 21-day period will be allowed for unforeseen circumstances only with the written approval of the Division of Operations. Subsection 7.7 states that disciplinary hearings scheduled more than 30 days after the incident date may be held only if approved by the Division of Operations and further that the Warden must provide justification for disciplinary hearings held beyond 30 calendar days. Plaintiff's objections appear to imply that he did not discover these revisions until after his first hearing. He seems to allege that he was prejudiced by his lack of prior knowledge regarding the changes, because he was not able to address the revisions or any purported violations thereof at his first hearing.

Plaintiff's objections are without merit. Plaintiff does not assert that this alleged policy change or his lack of knowledge regarding the change affected any of the due process protections

enumerated in Wolff. To the extent that the Inmate Disciplinary System policies provide more procedural protections for prisoners than the minimum constitutional due process requirements outlined by the Supreme Court, the policies constitute state law. Violations of state law cannot properly be brought under § 1983. Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992). Thus, a violation of the particular subsections of the Inmate Disciplinary System Policy cited by Plaintiff is not in and of itself a constitutional due process violation. Furthermore, constitutional due process does not mandate that Plaintiff have prior knowledge of or notice of information enabling him to bring forward all potential state law claims in his prison disciplinary hearing.[1] Plaintiff's claims regarding failure to notify the inmate population of changes to the Inmate Disciplinary System Policy are dismissed.

***Timeliness of Plaintiff's first hearing***

The Magistrate Judge found that any allegations that Plaintiff's due process rights were violated by the first hearing are moot, because the judgment from the first hearing was overturned and remanded by the ALJ for a rehearing which was conducted by Defendants. In his Objections, Plaintiff alleges that his first hearing was held past the 21-day deadline outlined by the Inmate Disciplinary System Policy in violation of his due process rights.

Plaintiff's objection is without merit. The court agrees with the Magistrate Judge's finding that allegations as to due process violations from the first hearing are moot. Furthermore, the policy requiring that a disciplinary hearing be held within 21 days of the incident is a state regulation which extends beyond the minimum constitutional due process requirements outlined by the Supreme Court. As such, a claim that this particular state

---

[1] Even assuming that constitutional due process requires inmates to have at a minimum, constructive knowledge of new regulations which make previously lawful conduct unlawful, Plaintiff is not alleging that the policy change at issue created any new regulations regarding unlawful conduct.

regulation or policy was violated cannot properly be brought under § 1983. Riccio, 907 F.2d at 1469. Plaintiff's due process claims as to the first disciplinary hearing are dismissed.

*Biased Decision Maker*

The Magistrate Judge does not address Plaintiff's allegation of bias in the disciplinary hearings; however, Plaintiff alleges in his Objections that Defendant Reynolds, who played a role in Plaintiff's disciplinary hearing, was a "bias decision-maker" because she was the same individual who without authorization approved an extension of the deadline by which a disciplinary hearing must be held. Plaintiff further alleges that Defendant Reynold's decision was one-sided and constituted a violation of due process.

Plaintiff's Objection is without merit. The fact that Defendant Reynolds authorized an extension of the deadline by which Plaintiff's disciplinary hearing could be held does not alone show that Plaintiff was not afforded an impartial decision-maker. Furthermore, Plaintiff's conclusory allegations alone are insufficient to preclude the granting of summary judgment. Latif, 2009 WL 4643890, at *2. To the extent that Plaintiff claims that either or both of his SCDC hearings were not adjudicated by an impartial officer, including Defendant Reynolds, his claims are dismissed.

*Timeliness and Constitutional Adequacy of Plaintiff's Rehearing*

Plaintiff alleged in his complaint that the rehearing held by Defendants violated due process because it was held 86 days after the expiration of the 60-day deadline ordered by the ALJ for a rehearing. The Magistrate Judge held that since the rehearing afforded Plaintiff all the due process protections outlined in Wolff, Plaintiff's due process rights were not violated in the rehearing. Plaintiff re-alleges in his Objections that Defendants violated his constitutional due process rights because the rehearing took place after the 60-day deadline ordered by the ALJ.

Plaintiff alleges that Defendants received notice of the ALJ's order shortly after it was filed on May 25, 2010 and that he received notice of the ALJ's order on May 27, 2010. Plaintiff alleges that Defendant's assertion that they did not receive notice until October 7, 2010 is false.

Even if Defendants had notice of the ALJ's order in May 2010 and violated that order by not complying with the ALJ's deadline of 60-days in which to hold a rehearing, that would constitute a violation of state law. As such, a claim that the state regulation was violated cannot properly be brought under § 1983. See Riccio, 907 F.2d at 1469. The 60-day deadline for a rehearing is not one of the constitutional due process rights outlined or contemplated by the Supreme Court in Wolff.

To the extent that Plaintiff alleges that the rehearing violated due process because it took place without any witness testimony, Plaintiff's objection is without merit. Under Wolff, the Plaintiff need only be afforded the *opportunity* to call witnesses. The facts indicate that a rehearing was held on October 19, 2010 where Plaintiff had the opportunity to call a witness. Plaintiff chose to walk out of the hearing without exercising his right to call witnesses, alleging that the hearing was untimely. Since there is no evidence that Plaintiff was not afforded the opportunity to exercise his constitutional due process rights at the rehearing, Plaintiff's claim that the rehearing violated his due process rights must be dismissed.

*Claims of Retaliation*

The Magistrate Judge found that Plaintiff's claim of retaliation failed as a matter of law, because Plaintiff did not allege that Defendants' retaliatory acts were taken in response to Plaintiff's exercise of a constitutionally protected right. Plaintiff objected and argued that Defendant Phelps filed the underlying disciplinary charge, which Plaintiff claims contained false accusations against him, in retaliation for their argument in the cafeteria on August 21, 2009.

Further, Plaintiff alleged that Defendants retaliated against Plaintiff for filing a notice of appeal by subjecting him to cruel and unusual punishment.

To state a claim of retaliation under § 1983, a plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated a constitutionally protected right. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). An inmate must present more than conclusory accusations of retaliation and provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. See id.; Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Hughes v. Bledsoe, 48 F.3d 1376, 1387 n. 11 (4th Cir. 1995).

Plaintiff's Objections are without merit. Plaintiff does not allege that Defendant Phelps' retaliatory acts were taken in response to the exercise of a constitutionally protected right. Furthermore, to the extent that Plaintiff argues that he had a constitutional right to appeal to the ALJ and Defendants retaliated against him for doing so, Plaintiff fails to identify Defendants' retaliatory act. Plaintiff simply alleges that Defendants subjected him to cruel and unusual punishment in retaliation but does not specify the cruel or unusual punishment to which he is referring. Plaintiff also fails to show how any punishment given to him by Defendants in the judgment at his rehearing was motivated in substantial part by his exercising the right to appeal to an ALJ. Furthermore, Plaintiff's failure to present more than conclusory accusations of retaliation is legally insufficient to allege a claim of retaliation under § 1983. Thus, Plaintiff's retaliation claims under § 1983 are dismissed.

*Qualified Immunity*

The Magistrate Judge found that Defendants were entitled to qualified immunity to the extent that they were being sued in their individual capacities, because Plaintiff failed to show

that Defendants violated any of his clearly established constitutional or statutory rights.  Plaintiff objects, arguing that Defendants are not entitled to qualified immunity, because they should have known they were violating Plaintiff's constitutional rights by committing the acts alleged in the complaint.

In order to assert a claim under 42 U.S.C. § 1983, Plaintiff must allege violations of the U.S. Constitution or federal statutory laws.  <u>Maine v. Thiboutot</u>, 448 U.S. 1 (1980). The court agrees with the Magistrate Judge that Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or federal statutory rights.  Plaintiff's objection is without merit.

## Conclusion

After a thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and the applicable law, the court concurs with the Magistrate Judge's findings.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Defendants' motion for summary judgment is GRANTED.  To the extent that Plaintiff's complaint alleges additional claims for relief under state law, namely intentional infliction of emotional distress, the court exercises its discretion and declines to review the claim as it has dismissed all claims over which it has original jurisdiction.  Thus, any state law claims asserted by Plaintiff are hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

                                                          s/ Margaret B. Seymour

                                                          Margaret B. Seymour
                                                          Chief United States District Judge

February 21, 2012
Columbia, South Carolina